NELSON P. COHEN
United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West 7th Avenue, #9, Room 253
Anchorage, AK  99513-7567
Phone: (907) 271-5071
Fax:     (907) 271-2344
E-mail: richard.pomeroy@usdoj.gov

Attorney for Plaintiff



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 4:00-cr-00015-JWS |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **EMPLOYER'S ANSWER TO WRIT OF** |
| ) | **GARNISHMENT FOR EARNINGS** |
| CAROL PATRICIA RENFRO, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| UNIVERSITY OF ALASKA ) | |
| FAIRBANKS, ) | |
| ) | |
| Garnishee. ) | |
| ) | |

From:  CLERK OF COURT
       UNITED STATES DISTRICT COURT
       Room 261, Federal Bldg. & U.S. Courthouse
       222 West 7th Avenue, Box 4
       Anchorage, Alaska 99513-7564

To:    University of Alaska Fairbanks
       Payroll/Benefit Dept.

Office of Human Resources
P.O. Box 755140
Fairbanks, AK 99775-5140

You are instructed that by law you must do the following:

1. Complete the following information and mail or deliver the original of this form to the Court at the address listed above within 10 days. Distribute the other copies of this form as shown in the "Distribution of Copies" on the final page of this form.

2. Is judgment debtor employed by you? (X) Yes. ( ) No.

    If "No," skip Sections 3-11 and fill out the information requested in Section 12.

3. Employee's weekly gross earnings*: $ 802.00 . (If employee is paid monthly, weekly gross earnings are determined by dividing monthly gross earnings by 4.3. If employee is paid twice a month, weekly gross earnings are determined by dividing semi-monthly gross earnings by 2.17.)

4. Employee's weekly withholdings (all sums required by law or court order to be withheld) are:

    | Amount | Reason for Withholding |
    |---|---|
    | $ 63.35 | Fed w/H |
    | $ 11.52 | FICA-MED |
    | $ 54.14 | PERS |
    | $ 7.90 | INS-Health |
    | $ | |
    | TOTAL: $ 136.91 | |

5. Weekly gross earnings* minus weekly withholdings (#3 minus #4, above) = $ 665.09 (weekly net earnings).

6. Under Federal law, the employee is entitled to a weekly exemption of either $154.50 or 75% of her weekly net earnings*, whichever is more.

7. To determine the amount which can be garnished, compute the following:

U.S. v. Renfro
4:00-cr-00015-JWS                                        2

Weekly net earnings*= $ _665.09_          Weekly net earnings*= $ _665.09_

- $154.50                                  x .25

                                      - _166.27_

TOTAL: = $ _510.59_                        TOTAL: = $ _498.82_

Each pay period you must send to the Court the lesser of the above two totals.

NOTE:   If your pay period is other than weekly, adjust the amount which is garnished accordingly.

8. Does employee's weekly salary vary depending on hours worked? ( ) Yes. ( ) No.

9. Are employee's earnings* currently being garnished by a former lien? ( ) Yes. (X) No.

    Previous lien(s) is/are expected to terminate on _____ (date).

    If employee's earnings* are subject to a lien from a previous Writ of Garnishment, you shall continue paying on that Writ until it has been satisfied or otherwise terminated, at which time the attached Writ shall be in full force and effect until the TOTAL AMOUNT DUE stated on the Writ is paid in full.

10. If the answer to #9 was "No," then commencing immediately, the service of the attached Writ of Garnishment upon you creates a continuing lien against the debtor's earnings* effective upon the date you receive the Writ of Garnishment.

    You must withhold and retain the lesser of the two totals calculated in #7 for each payday. The amount you must withhold and retain may vary depending on the amount earned by the employee each week. **Do NOT pay out any garnishable earnings until further order of the Court.**

    NOTE:   Federal law prohibits employers from discharging any employee because the employee's earnings have been garnished for any one indebtedness. 15 U.S.C. § 1674.

11. Check and complete the applicable line below if you claim that you do not hold property subject to attachment by this Writ of Garnishment.

    (a)_____   The Garnishee makes the following claim of exemption on behalf of the employee:

    _____.

U.S. v. Renfro
4:00-cr-00015-JWS                    3

(b) _____   The Garnishee has the following objections, defenses, or set-offs to the United States' right to apply the employee's earnings held by Garnishee to the United States' claim: _____

_____.

(c) _____   The Garnishee is in no manner and upon no account indebted or under liability to the judgment debtor; the Garnishee does not have in his/her possession or control any earnings belonging to the judgment debtor or in which the judgment debtor has an interest; and Garnishee is in no manner liable to the judgment debtor in this action.

12.   _University of Alaska_
      EMPLOYER/GARNISHEE'S NAME

   (a)   State whether employer/garnishee is a(n):

         ( ) Individual.   ( ) Partnership.   (X) Corporation.

   (b)   If a partnership, state names of all partners:

         _____.

   (c)   If a corporation, under the laws of which state is it incorporated:
         _Alaska_ .

EMPLOYER/GARNISHEE'S ADDRESS:   _University of Alaska_
_P.O. Box 755140, 910 Yukon Dr #212_
_Fairbanks, AK. 99775_

PHONE:   _(907) 450-8213_

Form completed by:   _Suzanne Simmons CPP_
                     SIGNATURE

_3/28/07_
Date

_Suzanne Simmons, Payroll Acctng. Tec[h]_
NAME AND TITLE (Please print)

U.S. v. Renfro
4:00-cr-00015-JWS                    4